UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CIE SHARP,

                Plaintiff,                            **MEMORANDUM AND ORDER**
                                                      18-CV-4846 (AMD)(RLM)
        -against-

STATE OF NEW YORK,

                Defendant.
-------------------------------------------------------------------x
**ANN M. DONNELLY**, United States District Judge:

On August 27, 2018, the *pro se* plaintiff brought this action pursuant to 42 U.S.C. § 1983

against the State of New York, alleging that the state violated his Fourteenth Amendment due

process rights. (ECF No. 1.) On September 18, 2018, the defendant moved to dismiss the

complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF Nos. 5, 6.)

The plaintiff did not respond to the defendant's motion to dismiss by the November 12, 2018

deadline, and on December 4, 2018, I granted the plaintiff an extension to January 4, 2019. I

also warned the plaintiff that I would deem the defendant's motion fully briefed if he did not

respond. The plaintiff did not respond by January 4, 2019, and I deemed the defendant's motion

fully briefed as of January 14, 2019. For the reasons discussed below, the defendant's motion to

dismiss is granted.

## BACKGROUND

The plaintiff alleges that he owned a 16-unit apartment building in Brooklyn, New York,

until 74 Eldert LLC sued him in New York State Supreme Court for "specific performance,

based on a purported contract of sale which no owner of the property ever signed." (ECF No. 1

at ¶ 5.) The plaintiff claims that certain lawyers, who did not actually represent him, signed an

"illegal stipulation" that gave the plaintiff's property to 74 Eldert LLC, and that the New York

State Supreme Court issued an Order and Declaratory Judgment enforcing the stipulation on May 9, 2013. (*Id.* ¶¶ 5-6.) The New York City Sheriff's office conveyed the property to 74 Eldert LLC on July 8, 2013. (*Id.* ¶ 7.)

The plaintiff filed a *pro se* appeal to the New York State Appellate Division, Second Department, based on "heinous wrongdoing of attorneys attributed to plaintiff's company" and "recitation of false statements" by the lower court. (*Id.* ¶ 9.) The Appellate Division affirmed the lower court's decision and the plaintiff sought leave to appeal to the New York State Court of Appeals. (*Id.* ¶¶ 9-10.) On September 3, 2015, the New York Court of Appeals denied leave to appeal, holding that "the order sought to be appealed from does not finally determine the action." (*Id.* ¶ 11.)

The plaintiff claims that the New York State Court of Appeals violated his due process rights when it issued a "false statement" that the lower court's order was not a final order and "authorized the theft of [the] plaintiff['s] property." (*Id.* ¶ 15.) The plaintiff argues that these deprivations make him "eligible for redress" from this Court pursuant to 42. U.S.C. § 1983.[1] (*Id.* ¶ 17.) The plaintiff seeks $10,000,000 in monetary damages and asks the Court to "compel" the state to grant him leave to appeal in New York State Court. (ECF No. 1 ¶ 19.)

This action is the second action that the plaintiff has filed in this court concerning the same real estate transaction and Court of Appeals' decision denying leave to appeal. *See Sharp v. 74 Eldert Funding Inc.*, No. 1:16-cv-02491. On July 12, 2016, I dismissed the plaintiff's first complaint pursuant to the *Rooker-Feldman* doctrine for failure to state a claim. (*See* 16-cv-02491, ECF No. 4.) Although the plaintiff listed multiple people and companies as defendants in

---

[1] The plaintiff also cites "violations" of 18 U.S.C. §§ 241-242 in his complaint, but these are criminal statutes that do not provide a basis for a private civil cause of action. *See Ippolito v. Meisel*, 958 F. Supp. 155, 161 (S.D.N.Y. 1997) (there is no private right of action under 18 U.S.C. § 241); *Lodrini v. Sebelius*, No. 14-CV-3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (18 U.S.C. §§ 241 and 242 do not provide a private cause of action).

his first complaint, and names only New York state in this action, both actions concern the same

transaction and apartment building. (*See id.*; ECF No.1.)

## STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, I construe his pleadings liberally, and interpret

his complaint to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89,

94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *McPherson v. Coombe*, 174 F.3d 276,

280 (2d Cir. 1999). Nevertheless, a *pro se* plaintiff "must still comply with the relevant rules of

procedural and substantive law, including establishing that the court has subject matter

jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754,

at *1 (E.D.N.Y. Aug. 2, 2010) (quoting *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005)).

Federal courts are courts of limited jurisdiction and cannot preside over cases unless they

have subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546,

552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582

F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived.

*United States v. Cotton*, 535 U.S. 625, 630 (2002). "A case is properly dismissed for lack of

subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or

constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.

2000).

A court considering a Rule 12(b)(6) motion must "accept as true all non-conclusory, well

pleaded factual allegations, and determine whether or not said allegations are sufficient to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* The court must also draw

all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*,

699 F.3d 221, 227 (2d Cir. 2012).

## DISCUSSION

The defendant argues that the complaint should be dismissed because (1) the plaintiff's

claims against the state are barred by the Eleventh Amendment, (2) the state is not a "person"

who can be sued pursuant to Section 1983, and (3) the plaintiff's claims are barred pursuant to

the *Rooker-Feldman* doctrine.

### A. Sovereign Immunity

The Eleventh Amendment bars federal suits by citizens seeking damages or injunctive

relief against a state, state agencies, and state departments, unless the state has consented to the

suit or waived its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99

(1984) ("A sovereign's immunity may be waived, and the Court consistently has held that a State

may consent to suit against it in federal court."). "While Congress may abrogate the states'

Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the

Fourteenth Amendment... as a general rule, state governments may not be sued in federal court

unless they have waived their Eleventh Amendment immunity." *Woods v. Rondout Valley Cent.*

*Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). "It is well-established that New York

has not consented to § 1983 suits in federal court... and that § 1983 was not intended to override

a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010)

(citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977) and

*Quern v. Jordan*, 440 U.S. 332, 332 (1979)).

Because the plaintiff's claims against New York state are brought pursuant to Section 1983, they are barred by the Eleventh Amendment. This court does not have subject-matter jurisdiction over the claims, and they are dismissed with prejudice.

## B. New York State Is Not A "Person"

Pursuant to Section 1983, a plaintiff may sue any "person" who, under the color of law, has deprived him of "any rights, privileges, or immunities." 42 U.S.C. § 1983. A state, however, is not a "person" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-66 (1989) ("[W]e reaffirm today what we had concluded prior to *Monell* and what some have considered implicit in *Quern:* that a State is not a person within the meaning of § 1983."). Because the plaintiff asserts a Section 1983 claim against only New York state, he does not state a claim for which relief can be granted. Accordingly, I dismiss the claim with prejudice.

## C. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine stands for "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The *Rooker Feldman* doctrine does not allow parties "complaining of injuries caused by state-court judgments" to appeal to lower federal courts to "review and reject[] those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has articulated four requirements for the application of the *Rooker-Feldman* doctrine:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—*i.e.*, *Rooker-Feldman* has no application to federal-court suits

proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85 (internal citations omitted).

The plaintiff alleges that the New York Court of Appeals decision was a "false statement" that deprived him of the ability to seek "redress" from "law enforcement" for "theft of his real property." (ECF No. 1 ¶ 15.) He argues that his "constitutional, due process, and appellate rights" were violated when the Appellate Division affirmed the lower court's decision conveying his property to a private company and requests that New York state "be compelled to grant plaintiff leave to appeal the original order as that right was wrongfully deprived from [him]." (*Id.* ¶ 19.) The four requirements for the application of *Rooker-Feldman* clearly apply to this case: the plaintiff lost his property in 2013 and asks the Court to compel the New York Court of Appeals to reverse its decision. Therefore, this action is barred by the *Rooker-Feldman* doctrine and the plaintiff's claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted and the complaint is dismissed in its entirety with prejudice.

**SO ORDERED.**

Ann M. Donnelly
United States District Judge

Dated: June 12, 2019
      Brooklyn, New York